**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAIKELYN MATOS RIVERO, | No. 20-71219 |
| Petitioner, | Agency No. A203-600-042 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2021**

Before:    McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

Maikelyn Matos Rivero, a native and citizen of Cuba, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's determination that the harm Matos Rivero experienced did not rise to the level of persecution. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028-29 (9th Cir. 2019) (record did not compel finding that harm rises to the level of persecution where perpetrators took no violent actions against the petitioner or his family beyond threats); *Nagoulko v. INS*, 333 F.3d 1012, 1016-17 (9th Cir. 2003) (petitioner did not experience harm that rises to the level of persecution where she was fired but not prevented from obtaining other employment); *Al-Saher v. INS*, 268 F.3d 1143, 1146 (9th Cir 2001) (five to six days of detention without physical harm did not rise to the level of persecution). Substantial evidence also supports the conclusion that Matos Rivero did not establish a well-founded fear of future persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1022 (9th Cir. 2006) (petitioner failed to present "compelling, objective evidence demonstrating a well-founded fear of persecution"). Thus, Matos Rivero's asylum claim fails.

Because Matos Rivero failed to establish eligibility for asylum, in this case, she did not establish eligibility for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

20-71219

Substantial evidence supports the agency's denial of Matos Rivero's CAT claim because she did not establish that it is more likely than not she would be tortured by or with the consent or acquiescence of the government if she returned to Cuba. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (claims of possible torture speculative).

We reject as unsupported by the record Matos Rivero's contention that the BIA failed to consider evidence.

In her opening brief, Matos Rivero does not challenge the BIA's determination that the IJ did not violate her right to due process where the record showed she was able to fully present her case and did not show IJ bias or that Matos Rivero was denied the assistance of counsel. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal (Docket Entry No. 1) is otherwise denied.

**PETITION FOR REVIEW DENIED**.